UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KAREN PETERSON**<br>**MICHAEL PETERSON** | * | **CIVIL ACTION NO: 07- 07281** |
| **V.** | * | **JUDGE LEMELLE** |
| **AEGIS SECURITY INSURANCE**<br>**COMPANY** | *<br>*<br>* | **MAGISTRATE WILKINSON** |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER OF AEGIS SECURITY INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes defendant, Aegis Security Insurance Company ("Aegis"), and for response to the Petition for Damages ("Complaint") filed by plaintiffs, Karen Peterson and Michael Peterson ("Plaintiffs"), avers as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Aegis upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs have no right and/or cause of action against Aegis for breach of contract, in tort, or under any theory of law.

## THIRD DEFENSE

Effective April 1, 2005, Aegis issued Plaintiffs policy No. HO036424 ("Policy"), which provided homeowners insurance coverage to Plaintiffs' property located at 6017 West End Boulevard, New Orleans, Louisiana, 70124. Aegis incorporates by reference all provisions, conditions, and limitations of the Policy, including all terms, conditions, benefits, and exclusions contained therein and pleads the Policy as if copied herein *in extenso*. Aegis objects to any attempt to modify or alter the terms of the Policy by prior oral or written agreement.

## FOURTH DEFENSE

As Plaintiffs have failed to provide sufficient proof that a covered peril under the Policy caused the damages sustained to Plaintiffs' property, Plaintiffs are not entitled to further payment under the Policy.

## FIFTH DEFENSE

The damage that Plaintiffs claim their property sustained as a result of Hurricane Katrina is excluded under the Policy. Aegis reserves the right to assert specific exclusions in the Policy.

## SIXTH DEFENSE

As Plaintiffs' claims were not covered by the Policy and/or there is a good faith dispute as to coverage of Plaintiffs' claims, Aegis' position and actions were not arbitrary, capricious, or without probable cause.

## SEVENTH DEFENSE

Aegis' liability, if any, is limited under the Policy to the policy limits.

## EIGHTH DEFENSE

Aegis has already tendered payment for all damages covered by the Policy. As such, Aegis affirmatively pleads payment as a defense and bar to recovery.

## NINTH DEFENSE

Alternatively, Aegis affirmatively pleads that it is entitled to an offset and/or credit for amounts paid pursuant to any flood policy issued to Plaintiffs.

## TENTH DEFENSE

Aegis has no liability to the Plaintiffs for penalties, expenses, attorneys' fees, costs, expert fees, interest and/or any other type of damages.

## ELEVENTH DEFENSE

Plaintiffs failed to mitigate their damages, if any, thus barring or reducing any recovery.

## TWELFTH DEFENSE

Alternatively, Plaintiffs' losses and damages, if any, were caused, in whole or in part, by wrongful conduct or the fault of others, including other parties and/or non-parties, for whom Aegis is not legally responsible.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs assert entitlement to penalties under La.R.S. 22:658 and/or

22:1220, including without limitation, for the failure to timely initiate loss adjustment, make a settlement offer, pay claims, or take any other action, Aegis affirmatively pleads that it complied with all applicable time periods and other provisions of said statutes.

## FOURTEENTH DEFENSE

Plaintiffs have no cause of action for mental anguish damages.

## FIFTEENTH DEFENSE

Aegis reserves the right to amend this answer to assert additional defenses, including affirmative defenses.

## SIXTEENTH DEFENSE

AND NOW, for response to the separately numbered allegations contained in Plaintiffs' Complaint, Aegis responds as follows:

1.

The allegations contained in paragraph I of Plaintiffs' Complaint relate to persons other than Aegis and are denied for lack of information sufficient to justify a belief therein.

2.

The allegations contained in paragraph II of Plaintiffs' Complaint are denied as stated. Further answering, Aegis is a foreign insurer authorized and doing business in the State of Louisiana.

3.

The allegations contained in paragraph III of Plaintiffs' Complaint are denied. Further

answering, venue appears to be proper in the U.S. District Court for the Eastern District of Louisiana.

4.

The allegations contained in paragraph IV of Plaintiffs' Complaint are denied. Further answering, Aegis is not liable to Plaintiffs for any further payment under the Policy, legal interest, costs and/or any type of damages.

5.

The allegations contained in paragraph V of Plaintiffs' Complaint are denied as stated. Further answering, Aegis admits that, effective April 1, 2005, it issued Plaintiffs the Policy that provided homeowner's coverage to Plaintiffs' property located at 6017 West End Boulevard, New Orleans, Louisiana, 70124. The remaining allegations contained in paragraph V of Plaintiffs' Complaint relate to persons and/or entities other than Aegis and are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in paragraph VI of Plaintiffs' Complaint relate to persons or entities other than Aegis and are denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in paragraph VII of Plaintiffs' Complaint relate to persons and/or entities other than Aegis and are denied for lack of information sufficient to justify a

belief therein.

8.

The allegations contained in paragraph VII of Plaintiffs' Complaint are denied except to admit that Hurricane Katrina made landfall in southeastern Louisiana on or about August 29, 2005.

9.

The allegations contained in paragraph IX of Plaintiffs' Complaint are denied. Further answering, timely and proper inspection and adjustment of Plaintiffs' property revealed that Plaintiffs' property sustained wind and water damage. Further answering, to date, Aegis has tendered Plaintiffs payments totaling $10,266.34, representing the full extent of wind damage that Plaintiffs' property sustained. The remaining damage to Plaintiffs' property is excluded under the Policy. Further answering, as Aegis has tendered payment for all amounts owing under the Policy, Plaintiffs are not entitled to further payment under the Policy and/or the damages they seek.

10.

The allegations contained in paragraph X of Plaintiffs' Complaint are denied. Further answering, Aegis acknowledges that the Policy was in effect between April 1, 2005-April 1, 2006. Aegis incorporates by reference all provisions, conditions, and limitations of the Policy, including all terms, conditions, benefits, and exclusions contained therein and pleads the

Policy as if copied herein *in extenso*. Aegis objects to any attempt to modify or alter the terms of the Policy by prior oral or written agreement.

11.

The allegations contained in paragraph XI of Plaintiffs' Complaint are denied. Further answering, Aegis issued Plaintiffs the Policy, which provided homeowners insurance coverage to Plaintiffs' property located at 6017 West End Boulevard, New Orleans, Louisiana, 70124. Aegis incorporates by reference all provisions, conditions, and limitations of the Policy, including all terms, conditions, benefits, and exclusions contained therein and pleads the Policy as if copied herein *in extenso*. Aegis objects to any attempt to modify or alter the terms of the Policy by prior oral or written agreement.

12.

The allegations contained in paragraph XII of Plaintiffs' Complaint are denied. Further answering, Plaintiffs have failed to provide "sufficient proof of loss" and/or evidence that the damages for which they seek relief are due to covered perils and thus, covered under the Policy. Further answering, as the damages for which Plaintiffs seek relief are not covered under the Policy, Plaintiffs are not entitled to further payment under the Policy. Further answering, as Plaintiffs' claims are not properly payable and/or there is a good faith dispute as to coverage of Plaintiffs' claims, Aegis' conduct was not arbitrary, capricious and/or in bad faith.

13.

The allegations contained in paragraph XIII of Plaintiffs' Complaint are denied. Further answering, Aegis incorporates by reference all provisions, conditions, and limitations of the Policy, including all terms, conditions, benefits, and exclusions contained therein and pleads the Policy as if copied herein *in extenso*. Aegis objects to any attempt to modify or alter the terms of the Policy by prior oral or written agreement.

14.

The allegations contained in paragraph XIV of Plaintiffs' Complaint are denied. Further answering, to date, Aegis has tendered Plaintiffs $10,266.34, representing the full extent of wind damage that Plaintiffs' property sustained. Further answering, Plaintiffs are not entitled to further payment under the Policy as their claims are excluded under the Policy. Further answering, as Aegis has paid Plaintiffs all amounts owing under the Policy and/or there is a good faith dispute as to coverage of Plaintiffs' claims, Aegis' conduct and actions were not arbitrary, capricious and/or in violation of La.R.S. 22:1220 and/or La.R.S. 22:658.

15.

The allegations contained in paragraph XV of Plaintiffs' Complaint are denied. Further answering, on information and belief, Louisiana House Concurrent Resolution No. 58, introduced during the 2005 First Special Session, did not become law.

16.

The allegations contained in paragraph XVI of Plaintiffs' Complaint are denied. Further answering, Plaintiffs have no cause of action against Aegis for intentional infliction of emotional distress.

17.

The allegations contained in paragraph XVII of Plaintiffs' Complaint are denied.

18.

The allegations contained in paragraph XVIII of Plaintiffs' Complaint are denied. Further answering, Plaintiffs' Policy did not provide coverage for "business interruption and other business losses." Further answering, Plaintiffs have no cause of action for mental anguish damages.

19.

The allegations contained in paragraph XIX of Plaintiffs' Complaint are denied. Further answering, as Aegis has paid Plaintiffs all amounts owing under the Policy and/or there is a good faith dispute as to coverage of Plaintiffs' claims, Aegis' conduct was not arbitrary or capricious, precluding Plaintiffs' claims for penalties and attorneys' fees.

20.

The allegations contained in paragraph XX of Plaintiffs' Complaint do not require a response from Aegis. However, in an abundance of caution, the allegations are denied.

WHEREFORE, Aegis Security Insurance Company prays that its answer to the Complaint filed by plaintiffs, Karen Peterson and Michael Peterson, be deemed good and sufficient and that after due proceedings had, there be judgment in its favor and against the plaintiffs, Karen Peterson and Michael Peterson, dismissing their complaint, with prejudice, at their cost, and for all other equitable relief to which Aegis Security Insurance Company may be entitled.

                                      KREBS, FARLEY & PELLETERI, L.L.C.

                                      /s/ Amy S. Malish
MAURA Z. PELLETERI (#8463)
AMY S. MALISH (#28992)
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone:(504) 299-3570
Fascimile:(504) 299-3582

ATTORNEYS FOR AEGIS SECURITY INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 31st day of October, 2007, served a copy of the foregoing pleading by facsimile and by mailing same by United States mail, properly addressed and first class postage pre-paid on:

Brian Houghtaling
3500 N. Hullen
Metairie, Louisiana 70002

/s/ Amy S. Malish